**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TERRY FOSTER, *et al.*, ) | CASE NO. 1:19 CV 1571 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY CHILD ) | AND ORDER |
| SUPPORT ENFORCEMENT AGENCY, ) | |
| ) | |
| Defendant. ) | |

*Pro se* Plaintiff Terry Foster filed this action on behalf of himself, Talaysia Foster and L.F. (minor child) under 42 U.S.C. § 1983 and Title VII, 42 U.S.C. § 2000e. In the Complaint, Plaintiff alleges CSEA engages in selective enforcement of child support orders. He asserts federal law claims for gender discrimination and denial of due process, and state law claims for negligence and breach of contract. He seeks monetary damages.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

**I.      Background**

Plaintiff alleges he is a party to four child support orders in Cuyahoga County Case Nos. SU0570093600, AD06091817, AD06090181 and SU12711278. He claims CSEA enforced Case No. SU0570093600 until it was paid in full. He does not explain if it was "paid in full" because the child reached the age of majority or because he satisfied an arrearage. He contends CSEA

enforced Case No. SU12711278 until it was determined that Plaintiff was not the child's biological father, at which time he received a refund of some of the money he paid. He indicates that CSEA has not been as diligent about enforcing the child support orders in Case Nos. AD06091817 and AD06090181. He states he had the obligor arrested on two separate occasions in two years. In 2012, she spent seven days in jail. She spent twenty-two days in jail in 2014. Plaintiff contends she was released both times without being required to purge the contempt of court by paying a portion of the child support owed. He alleges that in July 2019, the Cuyahoga County Prosecutor finally brought felony criminal non-support charges against her. Plaintiff claims CSEA engaged in selective enforcement denying him equal protection and due process. He also asserts state law claims for negligence and breach of contract.

## II.     Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

As an initial matter, Terry Foster cannot bring this action on behalf of Talaysia Foster or L.F., a minor child. In general, a party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).[1] An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). A minor child must appear

---

[1] 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

-3-

through counsel and cannot be represented by a non-attorney, even if the non-attorney is the child's parent. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); *Lawson v. Edwardsburg Public School*, 751 F.Supp. 1257 (W.D. Mich. 1990). Terry Foster is not a licensed attorney. He cannot represent either Talaysia Foster or L.F. in court or file pleadings on their behalf. As only Terry Foster's signature appears on the Complaint, the Court will consider only his claims.

In addition, Plaintiff indicates he is bringing a claim under Title VII, 42 U.S.C. § 2000e. Title VII provides a cause of action for employment discrimination. This case does not concern Plaintiff's employment.

Further, as the Cuyahoga County Child Support Enforcement Agency is a department or agency of Cuyahoga County, it is not *sui juris,* meaning it cannot be sued in its own right. *See Pulse v. Gale*, No. 3:16 CV 91, 2016 WL 1704312, at *2-3 (N.D. Ohio Apr. 27, 2016) (Erie County Adult Probation Department is not *sui juris* and cannot be sued in its own right) (collecting cases); *Wilson v. Trumbull Cty. Dep't of Job & Family Servs.*, No. 4:12 CV 02163, 2013 WL 5820276, at *3 (N.D. Ohio Oct. 29, 2013) (finding that "numerous district courts" have found that county agencies are not *sui juris*, and granting motion to dismiss of defendant Trumbull County Adult Protective Services because the county agency lacks the capacity to be sued) (collecting cases); *Marin v. Cleveland Clinic*, No. 1:09CV2090, 2010 WL 359699, at *4 (N.D. Ohio Jan. 29, 2010) (Cuyahoga County Department of Senior and Adult Services and the Cuyahoga County Department of Job and Family Services are not *sui juris* and lack the capacity to be sued in their own right) (collecting cases); *Lowe v. Hamilton Cty. Dep't of Job & Family Servs.*, No. 1:05CV117, 2008 WL 816669, at *2 (S.D. Ohio Mar. 26, 2008) (finding Hamilton

County Job and Family Services is not sui juris and granting defendant's Rule 12 motion). Because the Defendant lacks the capacity to be sued, Plaintiff's claims against that entity fail as a matter of law.

To the extent the Court can liberally construe the claims against the Defendant as asserted against Cuyahoga County, Plaintiff still fails to state a claim. Counties and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). The United States Court of Appeals for the Sixth Circuit has held that a Plaintiff may show the existence of a policy or custom leading to the alleged violation by identifying the following: " '(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.' " *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015) ). Here, Plaintiff does not identify any policy or custom of the Cuyahoga County Child Support Enforcement Agency that caused a violation of his constitutional rights. He fails to state a claim against Cuyahoga County.

Even if Plaintiff had identified a policy or custom of the County, as opposed to decisions of individual employees or judicial officers, he still fails to state a claim under the Fourteenth Amendment. The Equal Protection Clause prohibits discrimination by government actors which

either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 -682 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers.

Plaintiff appears to allege that the actions target the male gender. He, however, does not allege sufficient facts to take this claim from the speculative level to that of a plausible one. He alleges, without any explanation that his obligation was enforced. He claims that a child support obligation paid to him is not enforced as rigorously as he would like. The obligor has been held in contempt and jailed on two occasions and is now facing felony criminal non-support charges. He does not provide enough facts to suggest how there was disparate treatment or that any difference in the handling of the cases was based on an intent to discriminate against men rather than a myriad of other factors affecting the way a support order is administered.

Similarly, Plaintiff does not explain his due process claim. He does not allege facts to suggest why or how he was denied due process. To the extent he is asserting that the Defendant did not vigorously pursue child support owed to him he fails to state a claim. The benefit that a third party may receive from having someone else arrested for a crime or prosecuted does not trigger protections under the Due Process Clause, neither in its procedural nor in its substantive forms. *Howard ex rel. Estate of Howard v. Bayes*, 457 F.3d 568, 575 (6th Cir. 2006). To the

extent he is claiming he was denied a hearing of some kind, he does not suggest what hearing that was or how it impacted him. While the Court can liberally construe Plaintiff's allegations, it cannot piece together claims from sentence fragments.

Finally, Plaintiff's remaining claims arise if at all under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Because the Court dismissed Plaintiff's claims arising under federal law, the Court declines to hear Plaintiff's state law claims.

**IV.    Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e), without prejudice to any state law claims Plaintiff may bring in state court. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Date: 12/16/19

 /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-7-